## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Adam and Tina Miller,**
**Plaintiffs Below, Petitioners**

**vs)   No. 13-1188** (Wood County 13-C-AP-17)

**Bobbie Jo Ross,**
**Defendant Below, Respondent**

**FILED**

June 27, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Adam and Tina Miller, appearing *pro se*, appeal the order of the Circuit Court of Wood County, entered October 23, 2013, that awarded them $284 for a tile saw, plus costs and interest. Respondent Bobbie Jo Ross, appearing *pro se*, filed a response and a cross-appeal.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 30, 2013, petitioners sued respondent in the Magistrate Court of Wood County alleging that they had left tools and equipment at a previous job site. Petitioners sought the return of the items or their monetary value, plus reimbursement for materials purchased for the work performed, totaling $1,800. In her answer, respondent denied being in possession of any tools owned by petitioners and asserted that she bought the materials necessary for petitioners to perform the work. Respondent also filed a motion to dismiss petitioner's action, arguing petitioners should have sued the limited liability company of which she was a member, instead of suing her individually. The magistrate court did not rule on respondent's motion, but awarded petitioners the full amount they sought, $1,800, following a bench trial.

Respondent appealed to the Circuit Court of Wood County which conducted a trial *de novo* on October 16, 2013. Following the trial *de novo*, the circuit court awarded petitioners $284 for a Kobalt seven-inch tile saw with stand, plus costs and interest. The circuit court rejected respondent's argument that she was not the proper defendant because "there is no evidence in this case that [petitioners] were aware that [respondent] individually did not own the property or was not hiring them." The circuit court rejected petitioners' claim that their tools were being withheld from them by respondent, except for the tile saw. According to respondent, the property owner[1]

_____

[1] From the record, it appears that the property owner is another member of respondent's limited liability company.

1

testified that she observed the saw at the property. Finally, the circuit court did not award petitioners any amount for materials they allegedly bought for the job.

Petitioners appeal the circuit court's October 23, 2013, judgment order alleging that they are entitled to the full amount they claimed in their complaint. Respondent cross-appeals alleging that (1) she was not the proper defendant; and (2) petitioners should not be awarded the value of the tile saw because she did not personally witness it on the property.

We apply the standard for reviewing a judgment entered following a bench trial:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W.Va. 329, 480 S.E.2d 538 (1996).

On appeal, petitioners assert that they presented the same evidence in support of their other claims as they did in support of their claim that the tile saw was being withheld from them. Accordingly, petitioners argue that the circuit court acted arbitrarily in accepting the latter claim, but not the former claims. Petitioners did not request that the trial transcript be made a part of the record on appeal; however, respondent concedes that petitioners' claim with regard to the tile saw constituted the one claim to be supported by testimony from the property owner. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). Thus, this Court finds that the circuit court did not abuse its discretion in finding for petitioners only on their claim for the tile saw. By the same token, respondent's argument that the evidence did not permit the circuit court to find for petitioners on the tile saw claim is likewise rejected.

With regard to respondent's argument that petitioners should have sued her limited liability company, this Court also accords deference to the circuit court's finding that "there is no evidence in this case that [petitioners] were aware that [respondent] individually did not own the property or was not hiring them." Therefore, we cannot say, based on the record, that the circuit court abused its discretion in finding that respondent was properly sued in her individual capacity in this case.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Wood County and affirm the circuit court's October 23, 2013, order that awarded petitioners $284 for the tile saw, plus costs and interest.

Affirmed.

**ISSUED:**   June 27, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3